# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **CRIMINAL COMPLAINT** |
| v. | : | |
| ALEJANDRO M. VEGA | : | Mag. No. 08-2025 (JS) |

I, Mark Rowe, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about April 28, 2008, in Cumberland County, in the District of New Jersey and elsewhere, defendant, ALEJANDRO VEGA

### SEE ATTACHMENT A

in violation of Title 18, United States Code, Section(s) 1073.

I further state that I am a criminal investigator with the United States Marshals Service and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached page and made a part hereof.

MARK ROWE
Special Deputy U.S. Marshal
United States Marshals Service

Sworn to before me and subscribed in my presence,
May 13, 2008, at Camden, New Jersey

HONORABLE JOEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

ATTACHMENT A

On or about May 8, 2008 in the District of New Jersey and elsewhere, the defendant

ALEJANDRO VEGA

did knowingly and wilfully move and travel in interstate and foreign commerce with the intent to avoid prosecution under the laws of the place from which he fled, namely, New Jersey, for a crime which is a felony under the laws of that State, specifically, armed robbery, kidnapping, aggravated assault, unlawful possession of a weapon, and burglary contrary to NJSA 2C:15-1, NJSA 2C:13-1B(1), NJSA 2C:12-1B(2), NJSA 2C:39-7B, and NJSA 2C:18-2B(2).

In violation of Title 18, United States Code, Section 1073.

ATTACHMENT B

I, Mark Rowe, a Special Deputy U.S. Marshal with the United States Marshals Service, assigned to the New York/New Jersey (USMS) Regional Fugitive Task Force, Atlantic City Division, have knowledge of the facts set forth below as a direct result of my participation in this investigation as well as from my review of reports from, and discussions with, other law enforcement personnel.

1. On or about April 28, 2008, James Hadden was the victim of a home invasion that occurred at his residence located at 287 Sheppards Mill Road in Hopewell Township, Cumberland County, New Jersey. According to Mr. Hadden, during the home invasion, Hadden's hands and feet were duct taped and he was beaten by two individuals. He was threatened with his life when the two suspects put a handgun to his head and threatened to kill him. Additionally, personal property including cash, jewelry, and Hadden's automobile were stolen.

2. On or about April 29, 2008, criminal complaints were filed against defendant ANGEL BADILLO and defendant ALEJANDRO VEGA in the Superior Court of New Jersey, Cumberland County, charging them with robbery, kidnapping, aggravated assault, unlawful possession of a weapon, and burglary contrary to NJSA 2C:15-1, NJSA 2C:13-1B(1), NJSA 2C:12-1B(2), NJSA 2C:39-7B, and NJSA 2C:18-2B(2). Pursuant to those complaints, warrants for the arrest of defendants BADILLO and VEGA were issued.

3. Following the home invasion referenced in Paragraph 1 above, the United States Marshals Service, NY/NJ Regional Fugitive Task Force (USMS) and the New Jersey State Police Criminal Investigation Office conducted numerous interviews of associates and family members of defendants ANGEL BADILLO and ALEJANDRO VEGA. This extensive investigation conducted by law enforcement authorities led to the arrest of ANGEL BADILLO in Bridgeton, New Jersey. However, attempts to locate VEGA in the State of New Jersey have been unsuccessful.

4. In connection with this investigation, I interviewed a confidential source of information ("CS"). Although the reliability of the CS was not known to me prior to the investigation, his/her information has been confirmed through other aspects of the investigation, including review of telephone records and other documents. The CS informed law enforcement officers, in substance and in part, that he/she is a close personal associate of the defendant VEGA and that he/she has regular contact with family members and other close personal associates of defendant VEGA. The CS further informed law

enforcement officers that VEGA resided in Bridgeton, New Jersey throughout most of his life. The CS also stated that defendant VEGA's family members and other close personal associates have spoken with the defendant VEGA and defendant VEGA stated that he was now residing outside of the State of New Jersey, having fled the State of New Jersey to avoid facing prosecution on the charges outlined in Paragraph 2 above.

5.      During the course of the investigation into the whereabouts of defendant VEGA, USMS investigators learned that defendant VEGA was using cellular telephone number being (609) 774-4926. Investigators also learned that defendant VEGA's girlfriend, Demetres Vasquez-Ortiz, used cellular telephone number (609) 774-6509.

6.      A Communication Data Warrant was prepared and authorized by Judge Walter Marshal of the Cumberland County Superior Court for the aforementioned cellular telephone numbers. As a result of information obtained from that order, it was determined that on May 8, 2008 the cellular telephone being utilized by defendant VEGA traveled from Bridgeton, New Jersey to Philadelphia, Pennsylvania. This travel was determined through an analysis of the detailed billing records pertaining to the cellular telephone being used by defendant Vega. More specifically, prior to May 8, 2008, defendant VEGA'S cellular telephone was utilizing Verizon Wireless cellular tower 381 Sector 3 which is located in Bridgeton, New Jersey, when placing or receiving telephone calls. However, beginning at 10:30 a.m., on May 8, 2008, and continuing through the present, said cellular telephone began to utilize Verizon Wireless cellular towers 381 Sector 3 and 216 Sector 2, both of which are located in Philadelphia, Pennsylvania. A further review of the billing records demonstrate that the telephone numbers in which communication is currently being exchanged, many of which are known close family members and associates of defendant VEGA's, are the same as prior to the telephone traveling to Philadelphia which indicates that Vega engaged in interstate travel and brought with him the aforementioned cellular telephone. Furthermore, call detail records pertaining to the known girlfriend of the fugitive, Demetres Vasquez-Ortiz, also obtained through an order issued by the Superior Court for the State of New Jersey, indicate that as of May 8, 2008, Vasquez-Ortiz's cellular telephone too began to engage in travel back and forth from Bridgeton, NJ, to the immediate area in which the VEGA cellular telephone is currently located in Philadelphia, PA.

7. Based upon the foregoing, there is probable cause to believe that defendant ALEJANDRO VEGA fled the State of New Jersey and traveled to Pennsylvania to avoid prosecution for the crimes of armed robbery, kidnapping, aggravated assault, unlawful possession of a weapon, and burglary.